Case 17-10421-TPA    Doc 53    Filed 03/08/19    Entered 03/08/19 16:08:49    Desc Main
Document    Page 1 of 2

FILED
3/8/19 3:49 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CONCILIATION CONFERENCE MINUTES

### Conciliation Conference:

Debtor(s): Shane E. Dickey
Megan L. Dickey
Case Number: 17-10421-TPA    (Chapter 13)
Date / Time / Room: 03/05/2019 10:30 am /Bankruptcy Courtroom
Hearing Officer: CHAPTER 13 TRUSTEE

### Matter:
#49 - Amended Plan dated 1/15/19 (FC)

### Appearances:

Debtor: Smith
Trustee: Winnecour / Katz / Pail / DeSimone
Creditor:

$1329 for PCN

### Proceedings:

Recommended Outcome:    **CONFIRMATION ORDER TO BE ENTERED**

1. _____ Case Converted to Chapter 7
2. _____ Case Converted to Chapter 11
3. _____ Case Dismissed without Prejudice
4. _____ Case Dismissed with Prejudice
5. _____ Debtor is to inform Court within _____ Days their preference to Convert or Dismiss
6. _____ The plan payment/term is increased/extended to _____, effective _____.
7. _____ Plan/Motion continued to _____ at _____.
8. _____ An Amended Plan is to be served on all creditors and certificate of service filed by _____
   Objections are due on or before _____.
   A hearing on the Amended is set for _____ at _____.
9. _____ Other:

### For Judge Agresti cases:
Student Loan Debt: If the pro rata or timing of the proposed plan payment on student loan debt differs in any respect to that of the unsecured debt in the case, describe such differences and reasons for disparate treatment:

N/A

52

**DICKEY, SHANE E. & MEGAN L.** _____ Case No. **17-10421** \_\_TPA
Debtor(s)

Chapter 13 Plan dated \_\_1/15/19\_\_

Issued per the **March 5, 2019** Proceeding

Next Hearing Date:_____
& time:

☐ No Changes

☐ A. For the remainder of the Plan term, the Plan payment is amended to be $_____. as of _____ Debtor(s)' counsel shall file a motion to amend the income attachment order within five (5) days of the date of this Order.

☐ B. The length of the Plan is increased to a total of _____ months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☐ C. Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees.

☐ D. Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority or extent of liens, including determination of the allowed amount of secured claims under 11 U.S.C. §506, disputes over the amount and allowance of claims entitled to priority under 11 U.S.C. §507, and all objections to claims.

☐ E. The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the plan.

☐ F. _____ shall be paid monthly payments of $_____ beginning with the Trustee's _____ distribution and continuing for the duration of the plan term, to be applied by that creditor to its administrative claim, budget payments and/or security deposit. These payments shall be at the _fifth_ distribution level.

☐ G. Fee application needed if fees (including retainer) exceed $2,000/$2,500.

☐ H. The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the debtor(s) successfully objects to the claim:

☒ I. Additional Terms:

(1) Amerandt Financial (cl #2) to govern as to amt to be paid, at plan terms, retroactive to month 1

(2) The secured claim(s) of the following Creditor(s) shall govern as to prepetition arrears, and the monthly postpetition payments shall be based on allowed payment changes of record:

PNC (cl #8)

(3) Aarons Inc (cl #12 & 13) to govern as timely filed with all payments proper

(4) Atty fees to be based on retainer received of $910.00

☐ CASE TO BE DISMISSED